IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

**NELSON ROSA PEREZ,**          :          CIVIL NO. 3:13-CV-0819
                                :
          Plaintiff             :
                                :          (Judge Munley)
     v.                         :
                                :
**C/O 1 DUNKEN,** *et al.*,     :
                                :
          Defendants            :

## MEMORANDUM

Nelson Rosa Perez ("Perez"), an inmate presently incarcerated at the State Correctional Institution at Rockview, Bellefonte, Pennsylvania, filed this civil rights action on April 1, 2013 (Doc. 1), naming as defendants Correctional Officers Dunken, Eckley, Phillips and DeMoss, Lieutenant John Doe, Nurse Jane Doe, and Nurse Vicky. Plaintiff seeks to proceed in forma pauperis. (Doc. 3.) For the reasons that follow, the motion will be granted solely for the purpose of the filing of the action, see 28 U.S.C. § 1915(b), and the complaint will be dismissed pursuant to 42 U.S.C. §1997e(a).

I.   **Allegations of the Complaint**

Perez alleges that "C/O Eckley assaulted me on May 17, 2012, in the RHU housing unit by trying to close the food slot door, while C/O's DeMoss and Dunken were still pulling on the tether [that was attached to the handcuffs], on my hands which caused injury to my wrist and hands." (Doc. 1, at 2.) He also alleges that the nurses refused him treatment for

injuries caused by the assault. (Id.)

In response to questions concerning the exhaustion of administrative remedies, Perez indicates that he filed a grievance concerning the facts relating to the complaint. (Doc. 1, at 1.) However, he plainly admits that the grievance process has not been completed. (Id.)

## II. Discussion

Under the Prison Litigation Reform Act of 1996 (the "PLRA"), a prisoner is required to pursue all avenues of relief available within the prison's grievance system before bringing a federal civil rights action concerning prison conditions. See 42 U.S.C. § 1997e(a); Booth v. Churner, 206 F.3d 289, 291(3d Cir. 2000). It has been made clear that the exhaustion requirement is mandatory. See Williams v. Beard, 482 F.3d 637, 639 (3d Cir. 2007); see also Booth, 532 U.S. at 741 (holding that the exhaustion requirement of the PLRA applies to grievance procedures "regardless of the relief offered through administrative procedures"); Nyhuis v. Reno, 204 F.3d 65, 67 (3d Cir. 2000) (same). This "exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." Porter v. Nussle, 534 U.S. 516, 532 (2002).

Although failure to exhaust administrative remedies is generally an affirmative defense to be pleaded by the defendant, it has been recognized that a district court has the inherent power to dismiss *sua sponte* a complaint such as this one which facially violates a

bar to suit.[1] See Ray v. Kertes, 285 F.3d 287, 295 n. 5 (3d Cir. 2002) (citing Booth, 206 F.3d at 293 n. 2) (noting that "Booth concedes that he did not avail himself of either the intermediate or final review process.") and Nyhuis, 204 F.3d at 66 (stating that plaintiff "argues that he did not avail himself of the administrative process because it could not provide him with two of the three forms of relief that he seeks in the present action")).

Perez concedes that there is an administrative grievance procedure available but that he has not completed the process. Because it is apparent from the face of the complaint that Perez is barred from pursuing federal relief, the complaint will be dismissed pursuant to 42 U.S.C. § 1997e(a).

An appropriate order follows.

BY THE COURT:

s/James M. Munley
JUDGE JAMES M. MUNLEY
United States District Court

Dated: April 3, 2013

---

[1]. As a general proposition, *sua sponte* dismissal is inappropriate unless the basis is apparent from the face of the complaint. See, e.g., Rycoline Prods., Inc. v. C & W Unlimited, 109 F.3d 883, 886 (3d Cir.1997).

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| NELSON ROSA PEREZ, | CIVIL NO. 3:13-CV-0819 |
| Plaintiff | |
| | (Judge Munley) |
| v. | |
| C/O 1 DUNKEN, *et al.*, | |
| Defendants | |

## ORDER

**AND NOW**, to wit, this 3rd day of April 2013, upon consideration of plaintiff's complaint (Doc. 1), it is hereby **ORDERED** that:

1. The application to proceed in forma pauperis (Doc. 3) is GRANTED for the sole purpose of the filing of the action. See 28 U.S.C. § 1915(b).

2. The complaint (Doc. 1) is DISMISSED without prejudice pursuant to 42 U.S.C. § 1997e(a).

3. The Clerk of Court is directed to CLOSE this case.

4. Any appeal from this order is DEEMED frivolous and not in good faith. See 28 U.S.C. § 1915(a)(3).

BY THE COURT:

s/James M. Munley
JUDGE JAMES M. MUNLEY
United States District Court